UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| RICHARD C. VICKERMAN, ) | |
| ) | |
| Plaintiff, ) | 03:03-CV-0222-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| THE DEPT. OF HOUSING AND URBAN ) | |
| DEVELOPMENT (HUD) & ACCESSIBLE ) | |
| SPACE INC. (ASI) dba. THE SANDY ) | |
| ROBINSON APTS. (SRA) & THE CITY OF ) | |
| LAS VEGAS BUILDING DEPT. (CLB) & ) | |
| DOES 1 through 40, ) | |
| ) | |
| Defendants. ) | |

Presently before this Court is Plaintiff Richard Vickerman's renewed motion to amend (#85[1]). Defendant Department of Housing and Urban Development ("HUD") has opposed the motion (#86) as has Defendant Accessible Space, Inc. ("ASI") (#87). Plaintiff has filed no reply.

The current motion arises out of this Court's denial in part (#83) of Plaintiff's previous motion to amend (#77) his complaint to add claims involving violations of Plaintiff's equal protection and due process rights against ASI. The Court denied without prejudice the previous motion on the ground that Plaintiff had not included any allegations of state action and therefore insufficient evidence existed to provide ASI with fair notice of the claims alleged against it. The Court ordered Plaintiff to add specificity to his claims if he chose to renew his motion to amend.

Plaintiff wasted no time in filing the present renewed motion to amend, once again claiming that ASI had violated his due process and equal protection rights. Plaintiff's renewed

---

[1] References to (# XX) refer to the Court's docket.

motion to amend contains only one factual statement the Court understands to allege state action: that ASI is federally funded. The two viable theories presented by Plaintiff are, first, that the entrance into his apartment was done by employees of a federally funded entity and therefore state action exists and, second, that his lease was terminated by a federally funded entity based on an improper motive. The remainder of the motion simply recounts the events that led to Plaintiff's lawsuit.

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, the Ninth Circuit has outlined four reasons why a Court may refuse to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997). ASI has challenged Plaintiff's request to amend his complaint on the ground of futility. Thus, the Court will look at each potential claim sought to be added by Plaintiff to determine if leave to amend should be granted.

       1.    *Equal Protection Violation Based on Search*

In the Court's initial order (#72) concerning ASI's motion for summary judgment, the Court considered whether Plaintiff had properly stated a cause of action under the Equal Protection clause for searching disabled residents more often than non-disabled residents. The Court concluded that Plaintiff had not stated such a claim and had provided no allegations of other grounds for equal protection violations. Plaintiff has added nothing by way of additional theories for finding an equal protection violation. As such, an amendment to include an equal protection violation based on the search of Plaintiff's apartment would be futile as the Court has ruled on that issue previously and Plaintiff has merely recited the facts in different words without providing any suggestion that alternative grounds exist for an equal protection claim based on the search. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citing to *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983) for the proposition that it is "not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language, or reasserts a claim previously determined").

///

       2. *Substantive Due Process Violation Based on Search*

Plaintiff also seeks to amend to add a claim that his Fifth Amendment right to substantive due process was violated by the search of his apartment. The Court has already found, in a previous order (#72), that the search could be considered to constitute state action, and therefore allowed a claim under the Fourth Amendment to proceed. The United States Supreme Court has held that where "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386 (1989)) (internal quotations omitted). Thus, the Court concludes that an amendment based on a substantive due process violation predicated on the search of Plaintiff's apartment would be futile, as the claim is already covered by the Fourth Amendment claim the Court has already allowed to proceed.

       3. *Claims Based on Lease Termination*

Plaintiff has also attempted to allege violations of his Fifth and Fourteenth Amendment claims based on the termination of his rental agreement with ASI. To allow for an amendment to the complaint, there must be some colorable state action on which Plaintiff relies. The Court first notes the difference between this situation and the factual scenario allowing the Fourth Amendment claim to proceed. Regarding the Fourth Amendment claim, the search of Plaintiff's apartment was based on a federal requirement that compliance reviews be complete when HUD funding has been granted. ASI was required to conduct the search and HUD employees accompanied ASI employees in effectuating the search. Such is not the situation here, Plaintiff's rental agreement was terminated by ASI and ASI alone, under no government coercion. Thus, to proceed, Plaintiff must show some other avenue by which state action can be implied.

As noted above, the sole fact presented to this Court is the federal funding received by ASI when the apartment complex was constructed. As noted in the Court's previous summary judgment order (#77), neither financial support, or extensive control through regulations, are enough, alone to warrant a finding of state action. *See, e.g., Gallman v. Pierce*, 639 F.Supp. 472,

1   481 (N.D. Cal. 1986).  Rather, state action only exists if the government is actually responsible
2   for the challenged conduct, or if there has been significant state encouragement of the conduct.
3   *Id*.  Plaintiff has been unable to bring forth factual allegations suggesting that his rental
4   agreement was terminated by state action that amounted to more than the initial funding of the
5   ASI apartment complex.  Further, the Court, in reviewing the record, can conceive of no factual
6   scenario that could be proven by Plaintiff which would allow for a conclusion that the rental
7   agreement termination was instituted through state action.  As such, any amendment to the
8   complaint would be futile and is denied.

        4.     *Constitutional Claims Against HUD*

10   The Court also denies any portion of Plaintiff's motion to amend which seeks to add Fifth
11   or Fifteenth Amendment claims against HUD.  The Court has previously ruled that such claims
12   are barred by sovereign immunity (#77) and has not wavered from that position (#83).  The
13   Court's previous invitation to file an renewed motion to amend was not intended to allow for
14   these claims, already dismissed, to be revived.  As such, the Court notes HUD's objections to the
15   renewed motion to amend and denies any amendments which would add constitutional claims
16   against HUD.

17   The Court, thus, denies Plaintiff's renewed motion to amend as any amendment proposed
18   would be futile or has already been dismissed by the Court.  The Court notes, however, that
19   Plaintiff has yet to file the amended complaint allowed by the Court's first order granting an
20   amendment to add a claim under the Administrative Procedures Act (#83).  Plaintiff is therefore
21   directed to file his amended complaint so that the Court may proceed with this matter.

22   IT IS HEREBY ORDERED.
23   DATED this 19th day of December, 2005.

LARRY R. HICKS
United States District Judge