UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| RICHARD C. VICKERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE DEPT. OF HOUSING AND URBAN ) <br> DEVELOPMENT (HUD) & ACCESSIBLE ) <br> SPACE INC. (ASI) dba. THE SANDY ) <br> ROBINSON APTS. (SRA) & THE CITY OF ) <br> LAS VEGAS BUILDING DEPT. (CLB) & ) <br> DOES 1 through 40, ) <br> ) <br> Defendants. ) | 03:03-CV-0222-LRH (VPC) <br><br> ORDER |

Before the court are two pending motions filed by Plaintiff, Richard Vickerman. Plaintiff seeks reconsideration of one of this court's recent orders (#96[1]). The pending motion to reconsider asks the court to reconsider its denial (#94) of Plaintiff's renewed motion to amend (#85) which sought to revive a previous motion to amend (#77) which was denied in part and granted in part (#83). The Department of Housing and Urban Development ("HUD") has filed an opposition (#99), to which Plaintiff has replied (#103). In addition, Plaintiff has made a further request to amend his complaint. Plaintiff seeks to amend the complaint to add claims of mail fraud (#102). Accessible Space, Inc. ("ASI") has filed an opposition (#104), to which Plaintiff has replied (#105).

///

---

[1] References to (#XX) refer to the court's docket.

1. *Motion for Reconsideration*

Plaintiff's motion for reconsideration asks this court to reconsider its denial of a previous renewed motion to amend. That previous motion was only filed after the court granted in part and denied in part Plaintiff's original motion to amend. The court denied Plaintiff's renewed motion to amend on the grounds that the amendments sought were futile.

From the court's reading of Plaintiff's submissions on this issue, it appears that Plaintiff is once again trying to allege that ASI was a state actor and therefore should be subject to claims of constitutional violations for the termination of Plaintiff's lease. It appears, also, that Plaintiff may once again be trying to add constitutional claims against HUD.

The cases Plaintiff cites for his argument deal primarily with Fourth Amendment search cases and the necessary determination of state action in those matters. The court has already allowed Plaintiff's Fourth Amendment claim to proceed in this matter. Nothing in Plaintiff's submissions sheds any light on the claims which were dismissed, twice, as futile. Further, the court has analyzed this issue multiple times already and is not inclined to once again rehash the reasons why Plaintiff's suggested amendments fail. Suffice it to say that the court still considers these suggested amendments futile.

2. *Leave to Amend to Add Claims of Mail Fraud*

Plaintiff has also filed a new motion for leave to amend his complaint to allege charges of mail fraud against the attorneys of record in this matter, Edward F. Gonciarz and Stephen Balkenbush. These charges arise, not out of the original action, but out of evidentiary disputes that have been brought before the court via Plaintiff's previous motions for sanctions against the attorneys of record. The gist of Plaintiff's argument is that counsel knowingly mailed forged documents to Plaintiff.

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, the Ninth Circuit has outlined four reasons why a Court may refuse to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997). The court concludes that the resulting prejudice to the case and the undue delay in seeking this amendment

requires that Plaintiff's request for leave to amend be denied.

      a.    *Prejudice*

The court finds that granting leave to amend a suit against the entities allegedly responsible for Plaintiff's lease being terminated and his apartment being searched to allow claims against the individual attorneys involved in defending the litigation would be prejudicial to ASI and HUD. Such an amendment would also bring unrelated claims into this lawsuit. The court notes that the attorneys have already had to defend against such allegations by way of a request for sanctions filed by Plaintiff. In that matter, the court found no evidence that the documents at issue were forged (#91).

      b.    *Undue Delay*

"Delay alone does not provide sufficient grounds for denying leave to amend . . . ." *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry of Southern California*, 648 F.2d 1252, 1254 (9th Cir. 1981). However, where there is prejudice to the opposing party or the amendment appears frivolous, undue delay in seeking the amendment will constitute grounds for denial. *Id.* In this matter the case has been proceeding for nearly three years and Plaintiff is claiming that the five year statute of limitations for such claims is nearing. Yet this is the first time Plaintiff has sought to amend his complaint to add mail fraud charges.

The court has already noted that prejudice will result should leave to amend be granted. The court further finds that the claims sought to be added fail the inquiry of whether they are "obviously not frivolous." *Id.* The court has previously considered Plaintiff's allegations of forgery on the part of the defendants and improper attempts to pass forgeries off as originals by the attorneys in this matter. At that time, the court found no evidence of wrongdoing on the part of the attorneys. As no new evidence has been presented by Plaintiff, the court finds that Plaintiff's request to now add civil claims against these attorneys based on the same conduct that was deemed innocuous before falls well within the definition of frivolous. Accordingly, based on the undue delay in seeking leave to amend coupled with either the prejudice in allowing such amendments or the frivolity of seeking such amendments, the court denies Plaintiff's request for leave to amend.

1   It is therefore ORDERED that Plaintiff's motion for reconsideration (#96) is DENIED;

2   It is further ORDERED that Plaintiff's motion for leave to amend (#102) is DENIED.

3   DATED this 27th day of July, 2006.

_____
LARRY R. HICKS
United States District Judge