UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| RICHARD C. VICKERMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>THE DEPT. OF HOUSING AND URBAN DEVELOPMENT (HUD) & ACCESSIBLE SPACE INC. (ASI) dba. THE SANDY ROBINSON APTS. (SRA) & THE CITY OF LAS VEGAS BUILDING DEPT. (CLB) & DOES 1 through 40,<br><br>    Defendants. | 3:03-CV-00222-LRH (VPC)<br><br>ORDER |

  Before the court are multiple motions filed by Plaintiff, Richard Vickerman. Plaintiff has filed an objection to the granting of Defendants' second motion for summary judgment (#134[1]) and seeks to set aside the court's order on that motion (#135). Plaintiff has also requested appointment of counsel under the Civil Rights Act of 1964 to aid in his appeal (#136). In addition, Plaintiff has requested leave to appeal in forma pauperis (#137). Each of these motions was filed prior to Plaintiff filing a notice of appeal in this matter (#138). Finally, Plaintiff has filed a motion to supplement his objection to the court's grant of summary judgment (#141).

  As a general rule the "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the court may retain jurisdiction to take actions in aid of the

---

[1] References to (#XX) refer to the court's docket.

appeal. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir. 1961). Further, the "improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it." *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (citing *Resnik*, 289 F.2d at 818). "Where the deficiency in a notice of appeal, by reason of untimeliness . . ., is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Id.* at 389. Jurisdiction, unable to simply continue in limbo, stays with the district court in such an instance. *Id.* at 388. "[A] notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(b) motions filed no later than ten (10) days after judgment is entered." *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002); *see also* Fed. R. App. P. 4(a)(4)(A)(vi).

The court considers the motion to set aside and objection to the court's order granting summary judgment (#134 & 135) to effectuate a Rule 60(b) motion for relief from a judgment or order. However, judgment was entered on May 31, 2007 (#133) and the first objection was not filed until June 15, 2007, more than 10 days after judgment was entered. Thus, Plaintiff's notice of appeal should divest the court of jurisdiction to hear his Rule 60(b) motion.

However, the Ninth Circuit has crafted a procedure to allow for a remand to the trial court when facts arise which would allow for relief under Rule 60(b) after an appeal has been taken. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Under this procedure, the party requesting review under Rule 60(b) first requests the district court whether it wishes to entertain or grant the Rule 60(b) motion. If the court would be so inclined, the party seeking review then petitions the Ninth Circuit for a remand so that the district court may entertain the motion. *Id*. The court will therefore construe Plaintiff's objection and motion as a request to entertain the Rule 60(b) motion.

Upon review of Plaintiff's arguments, the court concludes it would not be willing to entertain a Rule 60(b) motion. Plaintiff has raised no grounds upon which the court would consider modifying its prior order. As such, Plaintiff's objection and motion to set aside the court's prior order are denied.

Plaintiff has also filed a motion for appointment of counsel upon appeal pursuant to 42 U.S.C. § 2000e-5(f)(1). (#136). The appointment of counsel under this statute is within the court's discretion and three factors are relevant to the court's determination: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dept. Of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Disposition of this motion will aid in expediting Plaintiff's appeal.

The court has considered Plaintiff's request and determines that appointment of counsel in this matter would not be appropriate. While Plaintiff is of limited financial means, he has demonstrated himself capable of litigating his case without substantial hardship. *See e.g.*, *Terrel v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting the court should consider the litigant's ability to advocate his claims in determining whether to appoint counsel). Further, the court is fully aware of Plaintiff's claims for relief and largely considers them to be without substantial merit. As such, the court concludes that appointment of counsel on Plaintiff's behalf to pursue his appeal is not appropriate.

Finally, Plaintiff has filed a motion to proceed in forma pauperis on appeal. (#137). "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" unless certain actions are taken by the district court. Fed. R. App. P. 24(a)(3). This court has taken no actions which would deprive Plaintiff of his in forma pauperis status on appeal. As such, Plaintiff's motion for a second determination of his in forma pauperis status is moot.

///
///
///
///
///
///
///
///

1      It is therefore ORDERED that Plaintiff's motion to set aside order (#135) is DENIED;

2      It is further ORDERED that Plaintiff's motion for appointment of counsel on appeal (#136) is DENIED;

4      It is further ORDERED that Plaintiff's motion to proceed in forma pauperis upon appeal (#137) is DENIED as moot;

6      It is further ORDERED that Plaintiff's motion to supplement his objection (#141) is DENIED.

DATED this 13th day of July, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE