UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD C. VICKERMAN, ) | |
| ) | |
| Plaintiff, ) | 03:03-CV-00222-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| THE DEPT. OF HOUSING AND URBAN ) | |
| DEV. (HUD), et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is the Housing Authority of the City of Las Vegas's ("HACLV") Response to Order to Show Cause and Motion to Dismiss (#161[1]). Plaintiff Richard Vickerman, appearing pro se,[2] has responded (#171), HACLV has replied (#173), and Vickerman has filed a surreply (#174).

In addition, Vickerman has moved this court to set aside (#165) its order (#160) disposing of his motion for reconsideration (#159). Defendants Accessible Space, Inc. and the U.S. Department of Housing and Urban Development ("HUD") have responded (##170, 168). Vickerman has also filed a motion to supplement (#162) his earlier motion for reconsideration

---

[1] Refers to court's docket number

[2] "This circuit has long had a rule of liberal construction of pleadings presented by pro se litigants . . . ." *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984).

(#159).

Finally, Vickerman has moved the court to "do a complete review of all orders and observations of this court and apply Nevada State N.R.S. inspection laws or section 8 inspection laws or ASI/SRA handbook inspection rules" (#175).

## I.   Factual and Procedural History[3]

The controversy between Vickerman and HACLV stems from an inspection of Vickerman's federally-funded housing in 2001. Vickerman, a disabled man, resided at the Sandy Robinson Apartments[4] ("SRA") in Las Vegas, Nevada beginning on August 30, 1999. On April 28, 2001, Larry Robinson, a HUD certified housing inspector independently contracted by SRA, and his son inspected Vickerman's apartment while Vickerman was out, though Vickerman had posted signs indicating he objected to the inspection. (Compl. (#4) ¶ 14.)

Based upon these and other occurrences, Vickerman filed a complaint on May 29, 2003, against HUD, SRA, and "The City of Las Vegas Building Dept." ("CLV"), believing Robinson to be employed by CLV. *Id*. at ¶ 13. In fact, outside of his independent contracting, Robinson was employed by HACLV, a quasi-municipal corporation organized under the United States Housing Act of 1937 to provide housing assistance to low income Las Vegas residents. (Resp. to Order to Show Cause & Mot. to Dismiss [hereinafter Mot. to Dismiss] (#161) at 2). Vickerman mistakenly believed CLV to be HACLV, and the caption of his complaint reflected this belief. A timely summons was executed on HACLV and Robinson "in his individual and official capacity" (#26), though the complaint accompanying the summons did not name HACLV in the caption nor anywhere else.

---

[3]The factual history is taken from this court's March 2005 Order (#72) and November 2006 Order (#120) unless otherwise noted.

[4]Section 811 of the Cranston-Gonzalez National Affordable Housing Act, 42 U.S.C. §§ 12703-12713, approved in 1990, authorizes HUD to subsidize housing for low-income, disabled adults. The Sandy Robinson Apartments receive Section 811 subsidies.

1  HACLV did not respond to the complaint, and it later received notice of Vickerman's "Motion to Compel Properly Served Defendants" (#31) to answer Vickerman's complaint. (Mot. to Dismiss (#161), at 5.) In response to this motion, HACLV sent Vickerman a letter on October 20, 2003, asking Vickerman to explain what claims he asserted against HACLV. (Mot. to Dismiss (#161), Oct. 20, 2003 Letter, Ex. 8.) Vickerman contends that he did not receive this letter. (Resp. to Mot. to Dismiss (#173) at 3.)

On December 9, 2003, Vickerman filed a motion to amend the caption of the complaint to reflect HACLV as a defendant. (Mot. to Amend Caption (#39).) The court granted Vickerman's motion (#42), but the caption continued to reflect CLV, not HACLV, as a party. *See, e.g.*, (June 2, 2004, Order (#61).) On April 5, 2004, Vickerman moved for default judgment against HACLV and Robinson citing a failure to answer the complaint. (Mot. for Default J. (#50).) On March 29, 2005, the court ordered "the City of Las Vegas" and Robinson to show cause as to why default judgment should not be entered against it. (Mar. 30, 2005, Order (#74).) Robinson responded to this order without mentioning HACLV. (Apr. 14, 2005, Letter (#78).)

On December 18, 2007, Vickerman again filed a "Motion to Compel Legally Served Defendants to Answer Complaint" (#153), specifically noting HACLV as defendant. Pursuant to this motion, the court dismissed Robinson for improper service of process and ordered HACLV to show cause as to why default judgment should not be entered against it. (May 1, 2008, Order (#157).)

HACLV responded by citing the lack of claims against HACLV in Vickerman's complaint and defects in service of process. HACLV moved to dismiss all claims against it for these same defects in service and, additionally, for Vickerman's failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Discussion

### A. Service of Process and the Sufficiency of the Complaint

First, HACLV argues that service of process was defective because HACLV was not named as a defendant in the caption of the complaint as required by Fed. R. Civ. P. 4(a)(1)(A) and 10(a)[5]. Rule 4(a)(1)(A) and Rule 10(a) both require the complaint's caption to list all the defendants in the action. Fed. R. Civ. P. 4(a)(1)(A), 10(a). HACLV misconstrues the stringency of these rules. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Even if the summons fails to name all the defendants, dismissal is usually not justified absent a showing of prejudice. *Id*.

In *Van Manen v. United States*, 838 F. Supp. 335 (W.D. Mich. 1993), the court discussed a set of factors to consider in providing equitable relief for technical defects in Rule 4 service. Though the court discussed Rule 4(d)(4), involving service of government defendants, the factors it mentions are applicable to Rule 4(a)(1). "The four factors are: if (1) [the defendant has] actual notice of the suit; (2) the [defendant] suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed." *Van Manen*, 838 F. Supp. at 337 (citing *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982) (per curiam)).

In the present case, HACLV had actual notice of the suit. First, personal service was executed on HACLV on August 19, 2003. (Return of Service (#26).) The party placed in the space labeled "NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE" was "City of Las Vegas Housing Authority (Larry Robinson individually and in his official capacity as a HUD

---

[5]HACLV also argues that Vickerman's amended complaint was never served to it pursuant to Fed. R. Civ. P. 5. Since the court struck the amended complaint from the record, this argument is moot. *See* (Feb. 5, 2004, Order (#42).)

1 inspector)." *Id*.  HACLV argues that this summons "appears to be directed at Larry Robinson at his
2 work address," (Mot. to Dismiss (#161) at 4), but the focus on HACLV as the party to serve (as
3 opposed to Robinson's subsequent, parenthetical inclusion) and Robinson's inclusion in his official
4 capacity strongly militates against HACLV's interpretation.  Moreover, HACLV's agent accepted
5 the summons, and by October 2003, HACLV had attempted to contact Vickerman by letter to
6 clarify the claims against HACLV.  These events conclusively demonstrate that HACLV had actual
7 notice of Vickerman's suit.

8       HACLV has shown no prejudice resulting from the defect in service, and as to the third
9 factor, the court is "generally more solicitous of the rights of pro se litigants, particularly when
10 technical jurisdictional requirements are involved." *Van Manen*, 838 F. Supp. at 337; *see Morrison*
11 *v. Hall*, 262 F.3d 896, 899 n.2 (9th Cir. 2001).  However, as in *Van Manen*, the plaintiff here fails
12 to meet the fourth requirement because he would not be severely prejudiced by dismissal.  In
13 particular, since Vickerman has not alleged any claim against HACLV, HACLV is not properly a
14 defendant in this action.

15       HACLV contends that Vickerman's complaint was "not prepared in a manner in which
16 HACLV would be led to believe it would be sued or had an obligation to respond to these
17 proceedings." (Mot. to Dismiss (#4) at 9.)  Although HACLV should have responded to this
18 action, the court agrees that the complaint fails to state a claim against HACLV.  In considering "a
19 motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a
20 light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*,
21 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  "Factual allegations must be enough to raise a
22 right to relief above the speculative level on the assumption that all the allegations in the complaint
23 are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)
24 (internal citations omitted).

25       While Vickerman successfully amended the complaint's caption to reflect HACLV as a
26

1  defendant, the body of the complaint continued to allege claims against only CLV, HUD, and SRA.
2  "[O]rdinarily the determination of whether or not a defendant is properly in the case hinges upon
3  the allegations in the body of the complaint and not upon his inclusion in the caption." *Hoffman v.*
4  *Halden*, 268 F.2d 280, 304 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300
5  F.2d 24 (9th Cir. 1962); *Walters v. People of Cal.*, 997 F. Supp. 1295, 1299 (D.C. Cal. 1999), *rev'd*
6  *on other grounds*, 187 F.3d 651 (9th Cir. 1999). Indeed, this method of determining parties to an
7  action avoids reliance on procedural technicalities and thus comports with the liberal construal
8  afforded pro se complaints. *See, e.g.*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

9  However, even a liberal construal of Vickerman's complaint provides no basis for
10 interpreting his claims as against HACLV. First, the complaint lists "The City of Las Vegas
11 Building Inspection Dept., Larry Robinson (inspector)" as a defendant, abbreviating this defendant
12 as "CLV." (Compl. (#4) ¶ 13.) In the absence of such an entity, the court could more readily
13 construe this defendant as HACLV, but in fact there exists a City of Las Vegas Department of
14 Building and Safety.[6] Indeed, Vickerman includes the correct address for the Department of
15 Building and Safety in his complaint. Additionally, Vickerman alleges in his complaint that SRA
16 "would never have been opened in the first place without a Final Inspection and Certification by the
17 City of Las Vegas Building Dept. (CLV) before initial occupancy." *Id*. at ¶ 139. Inspection and
18 certification are responsibilities of the City of Las Vegas Department of Building and Safety.[7]
19 Vickerman also alleges that CLV targets the homes of the disabled in requiring "over inspections."
20 *Id*. at ¶ 144. However, the power to enforce building codes, and thus target inspections, resides in
21 the City's Department of Building and Safety, as well.[8] *See* Southern Nevada Amendments to 2006

---

[6] http://www.lasvegasnevada.gov/Government/departments.asp?ID=4094#

[7] http://www.lasvegasnevada.gov/Apply/permits.asp?id=5870#5870

[8] http://www.lasvegasnevada.gov/Government/departments.asp# ("The Department of Building and Safety is responsible for the administration and enforcement of building codes as adopted by the City Council.")

6

International Building Code, § L105.1.  These claims provide no basis for construing Vickerman's complaint as implicating HACLV as a defendant.

What support there is for construing Vickerman's complaint as asserting claims against HACLV comes from (1) the amendment of the complaint's caption, (Mot. to Amend Service (#13)); (2) the implication that CLV employs Robinson, (Compl. (#4) ¶ 14); (3) Vickerman's replacement of the Department of Building and Safety's address with HACLV's address, (Mot. to Amend Service (#13)); and (4) HACLV's understanding that Vickerman mistakenly believes HACLV is the same entity as CLV, (Mot. to Dismiss (#161) at 10 n.1).  First, "the caption of an action is only the handle to identify it," and it does not override the complaint itself as a determiner of parties to an action.  *Hoffman*, 268 F.2d at 304.  Moreover, the amendment of the caption without any consequent amendment of the complaint itself gives rise to the inference that Vickerman was attempting to correct a procedural defect, not state a claim against a completely different party.

Second, Vickerman's mistaken implication that CLV employs Robinson is not a basis to construe the complaint as asserting claims against HACLV.  This implication occurs in the context of a listing of inspectors: "ASI (Willie Beasley), CLV (Larry Robinson) and HUD (unidentified person)."  (Compl. (#4) ¶ 14.)  While this implication does provide some indication that Vickerman believed HACLV and CLV were the same entity, it may also indicate that Vickerman believed *both* HACLV and CLV employed Robinson.  Furthermore, the absence of an amended complaint to accompany the amended caption suggests Vickerman intended to maintain without change the allegations in his complaint.

Third, Vickerman replaced CLV's address with HACLV's address at an early stage in the proceedings.  (Mot. to Amend Service (#13).)  However, a change of address, like a change of caption, does not constitute the assertion of a claim for relief sufficient to implicate HACLV as a defendant.  Fourth, HACLV's lately-formed belief that Vickerman believed CLV and HACLV

were the same entities does not affect the construal of the complaint.  Though this belief does put HACLV on notice of the potential claims against it–and though HACLV should have responded to these claims–HACLV is entitled to rely on the allegations as they appeared on the face of the complaint.  *See, e.g.*, *Brown v. Califano*, 75 F.R.D. 497, 498 (D.C.D.C. 1977) ("[E]ven a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.")

Finally, while the court liberally construes pro se pleadings, it does not do so at the risk of severe prejudice to other parties.  Here, in failing to respond to Vickerman's complaint, HACLV justifiably relied on the complaint's allegations as they appeared on their face.  To now admit HACLV as a proper defendant to this suit–in this suit's fifth year of pendency–would severely prejudice HACLV, not to mention principles of judicial economy and efficiency.  *See, e.g.*, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997).

**B.  Remaining Motions**

Vickerman has three outstanding motions, a motion to supplement his motion for reconsideration, a motion to set aside this court's dismissal of Robinson, and a motion to review all the court's previous orders.  First, Vickerman's motion for reconsideration has already been denied.  (May 20, 2008, Order (#160).)  Therefore, the motion to supplement is moot.

Second, in the same order denying Vickerman's motion for reconsideration, the court disposed of Robinson's involvement in this case.  The court will not entertain duplicative or recursive motions for reconsideration.  Moreover, as the court mentioned, naming Robinson as a party at this late stage in the proceedings is inappropriate.  *See Forsyth*, 114 F.3d at 1482.

Finally, Vickerman's motion to review all the court's previous orders is unwarranted. Vickerman has not provided any basis for this court to reconsider any specific order.

IT IS THEREFORE ORDERED that HACLV's Motion to Dismiss (#161) is hereby GRANTED.

IT IS FURTHER ORDERED that Vickerman's Motion to Supplement (#162) his Motion for Reconsideration is hereby DENIED as moot.

IT IS FURTHER ORDERED that Vickerman's Motion to Set Aside (#165) this court's earlier judgment on Vickerman's Motion for Reconsideration is hereby DENIED.

IT IS FURTHER ORDERED that Vickerman's Motion to Review All Previous Orders (#175) is hereby DENIED.

IT IS SO ORDERED.

DATED this 7th day of August, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE