UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD C. VICKERMAN,  )
                       )
    Plaintiff,         )           03:03-CV-00222-LRH-VPC
                       )
v.                     )
                       )           ORDER
THE DEPT. OF HOUSING AND URBAN )
DEV. (HUD), et al.,    )
                       )
    Defendants.        )

Before the court is Plaintiff Richard Vickerman's Motion for Default Judgment (#178[1]). Defendant the Department of Housing and Urban Development ("HUD") has filed an opposition (#179). Also before the court is HUD's Motion to Dismiss for Lack of Prosecution (#180). Plaintiff has filed an opposition (#183) to which HUD replied (#184). In addition, Plaintiff has filed a "Motion in Objection to Defendant HUD['s] Motion to Dismiss Action" (#185).[2]

**I.   Motion for Default Judgment**[3]

Plaintiff seeks a default judgment against HUD because "HUD has refused to answer any

---

[1] Refers to court's docket entry number.

[2] The court construes Plaintiff's motion as a motion for leave to file a sur-reply. Because the court has considered the arguments contained in the sur-reply, to the extent the motion asks the court to consider additional arguments, the court will grant the motion.

[3] This case has been before the court multiple times. Because the court and parties are familiar with the facts of the case, the court will not repeat them here.

and all claim(s) and/or to move forward with this case for close to One(1) Year!" (Pl.'s Mot. Default J. (#178) at 1.) However, contrary to Plaintiff's allegations, since the case's inception, HUD has actively participated in the resolution of the dispute. For example, HUD filed its answer (#43) on February 24, 2004. Pursuant to HUD's Joinder to Defendant Accessible Space, Inc.'s Motion for Summary Judgment (#52), on March 30, 2005, this court dismissed all but one of Plaintiff's claims against HUD. Following the court's order, Plaintiff amended his complaint to allege a claim against HUD under the Administrative Procedures Act. In response, on January 24, 2006, HUD field an amended answer (#97).

Federal Rule of Civil Procedure 55 provides for the entry of default judgment where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Because there appears to be no basis for the court to enter default judgment against HUD, the court will deny the motion for default judgment.[4]

**II.     Motion to Dismiss**

HUD seeks dismissal pursuant to Federal Rule of Civil Procedure 41(b). In relevant part, Rule 41(b) provides, "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

To warrant dismissal, the failure to prosecute must be unreasonable. *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (citation omitted). "To determine whether to dismiss a case for failure to prosecute, 'the district court must weigh its need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits.'" *Id.* (*quoting Mir v. Fosburg*, 706 F.2d 916,

---

[4] The court further notes that Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 55, which requires a claimant to seek an entry of default from the clerk before seeking default judgment. *See* Fed. R. Civ. P. 55.

918 (9th Cir. 1983)).  The plaintiff bears the burden of establishing the reasonableness of his delay and the lack of prejudice to the defendant.  *Id.*  If the plaintiff presents a non-frivolous excuse for his delay, the burden shifts to the defendant to demonstrate prejudice.  *Id.* (citation omitted).

The court has reviewed the above-cited factors and finds that dismissal is not warranted in this case.  From the inception of the case, Plaintiff, a pro se litigant, has vigorously pursued his claims.  Although there has been an approximately ten month delay, Plaintiff's inaction is not unreasonable and has not caused HUD significant prejudice.  In light of the policy favoring decisions on the merits and the harsh nature of dismissal as a penalty, the court will deny the motion to dismiss.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (#178) is DENIED.

IT IS FURTHER ORDERED that HUD's Motion to Dismiss (#180) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion in Objection" (#185) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the parties shall lodge their proposed joint pretrial order within thirty (30) days from entry of this Order.  *See* Local Rules 16-4 and 26-1 (e)(5).

IT IS SO ORDERED.

DATED this 12th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE