UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD C. VICKERMAN,<br><br>    Plaintiff,<br><br> v.<br><br>THE DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | 03:03-CV-00222-LRH-VPC<br><br>ORDER |

Before the court is Defendant the Department of Housing and Urban Development's ("HUD") Motion to Dismiss (#187[1]). Plaintiff Richard Vickerman has filed an opposition (#189) to which HUD replied (#193).

**I.    Facts and Procedural History**

This case has been before the court multiple times. Because the court and parties are familiar with the facts of the case, the court will not repeat them here. In brief, Plaintiff contends that an April, 2001, inspection of his apartment was improper and violated several federal and state laws. Through previous orders, the court has dismissed all of Plaintiff's claims except for Plaintiff's claims against HUD brought under the Administrative Procedures Act ("APA") and the Fair Housing Act ("FHA").

---

[1] Refers to court's docket entry number.

## II.     Discussion

HUD seeks dismissal of Plaintiffs' remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Here, HUD has asserted a facial attack to jurisdiction. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

HUD contends Plaintiffs' claims are not properly before the court because HUD is entitled to sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[2] *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)(citation omitted). As HUD notes, the APA provides a broad waiver of sovereign immunity. *See* 5 U.S.C. § 702. Regardless of this waiver, however, section 704 provides that, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court

---

[2] A suit against a federal agency, which seeks relief from the United States government, is a suit against the United States government. *Blue Fox*, 525 U.S. at 260; *Balser v. Dep't of Justice, Office of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). Therefore, agencies of the United States are governed by the same jurisdictional requirements as the United States government. *See Balser*, 327 F.3d at 907 (finding the Department of Justice is entitled to sovereign immunity).

are subject to judicial review." 5 U.S.C. § 704.  Thus, if Plaintiff has an adequate legal remedy against another party, the court may not entertain Plaintiff's claim against HUD.

Section 813 of the FHA authorizes private suits directly against perpetrators of allegedly discriminatory practices.  42 U.S.C. § 3613(a).  Indeed, here, Plaintiff sued Accessible Space, Inc., the alleged discriminator, directly under the FHA.  Although it appears that the Ninth Circuit has not addressed the issue, other courts considering whether a plaintiff may sue HUD under the APA have held that section 813 provides an "other adequate remedy in a court" barring judicial review under the APA.  *See Turner v. Sec'y of U.S. Hous. & Urban Dev.*, 449 F.3d 536, 540 (3d. Cir. 2006) (citing *Goodwin v. Sec'y of Hous. & Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam); *Marinoff v. U.S. Dept. of Hous. & Urban Dev.*, 892 F. Supp. 393, 492 (S.D.N.Y. 1994), *aff'd*, 78 F.3D 64 (2d Cir. 1996) (per curiam)).  The court agrees.  Accordingly, the court finds that HUD's actions are not subject to judicial review under the APA because Plaintiff had an adequate remedy against Accessible Space, Inc.

Likewise, the FHA does not contain an express waiver of sovereign immunity.  As Plaintiff has failed to cite any statute or other authority authorizing his claims against HUD, the court will grant HUD's Motion to Dismiss.[3]

///

///

---

[3] The court notes that 42 U.S.C. § 1404a provides, "The Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended, and title II of Public Law 671, Seventy-sixth Congress, approved June 28, 1940, as amended." 42 U.S.C. § 1404a.  The Housing Act of 1937 is codified in 42 U.S.C. §§ 1437- 1437bbb-9 and governs low income housing.  Title II of Public Law 671 is codified in 42 U.S.C. §§ 1501-1507 and governs the housing of individuals engaged in national defense.  Plaintiff has not brought claims under either of these acts.

Likewise, while 12 U.S.C. § 1702 authorizes the Secretary of Housing and Urban Development to "sue and be sued[,]" on its face that provision does not apply to the Fair Housing Act.

1   IT IS THEREFORE ORDERED that HUD's Motion to Dismiss (#187) is GRANTED.

2   IT IS FURTHER ORDERED that Plaintiff's Motion to Defer Pretrial Order (#191) and

3   "Motion to Move Ahead" (#197) are DENIED as moot.

4   The Clerk shall enter judgment accordingly.

5   IT IS SO ORDERED.

6   DATED this 28th day of May, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE