UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD C. VICKERMAN,

    Plaintiff,

v.

THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,

    Defendants.

03:03-CV-00222-LRH-VPC

**ORDER**

    Before the court is pro se Plaintiff Richard Vickerman's ("Plaintiff") Motion for Permission to Appeal In Forma Pauperis (#201[1]). Also before the court are Plaintiff's Motion for Appointment of Counsel (#203) and his Motion for Clerk to "Reread Appeal Documents" (#207). The court will address each motion in turn.

**I.    Facts and Procedural History**

    This case has been before the court multiple times. Because the court and parties are familiar with the facts of the case, the court will not repeat them here. In brief, Plaintiff contends that an April, 2001, inspection of his apartment was improper and violated several federal and state laws. Through previous orders, the court has dismissed all of Plaintiff's claims.

///

---

[1] Refers to the court's docket entry number.

## II. Discussion

### A. Motion for Permission to Appeal In Forma Pauperis

Plaintiff requests that the court to allow him to proceed in forma pauperis on appeal (#201). "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" unless certain actions are taken by the district court. FED. R. APP. P. 24(a)(3). This court has taken no actions that would deprive Plaintiff of his in forma pauperis status on appeal. As such, Plaintiff's motion for a third determination of his in forma pauperis status is moot.

### B. Motion for Appointment of Counsel

Plaintiff asks the court to appoint him counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). The appointment of counsel under this statute is within the court's discretion, and the following three factors are relevant to the court's determination: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (citation omitted). Plaintiff asserts that he has fulfilled the requirements of the statute because his claim is meritorious, he has made diligent efforts to secure counsel, and he is unable to find an attorney willing to represent him on terms that he can afford.

The court has once before declined Plaintiff's request for counsel on appeal. (*See* Order (# 142).) In the order, the court found that while Plaintiff is of limited financial means, he had not demonstrated that he is incapable of litigating his case or that his case has substantial merit. The court sees no reason to reverse these findings here. Accordingly, the court will deny Plaintiff's Motion for Appointment of Counsel.

### C. Motion for Clerk to "Reread Appeal Documents"

Finally, Plaintiff argues that the Clerk of the Court improperly closed this case on June 1, 2007. Although, on May 31, 2007, the court granted summary judgment for Defendant Accessible

2

Space, Inc., claims against Defendant Department of Housing and Urban Development ("HUD") were still pending. The Clerk did not enter judgment for HUD until June 2, 2010. Pursuant to Federal Rule of Civil Procedure 54(b), the court generally does not enter final judgment until all of the claims against each defendant have been resolved. Fed. R. Civ. P. 54(b). As such, the court erred in directing the Clerk to enter judgment following the granting of summary judgment for fewer than all of the defendants. The court will therefore grant Plaintiff's Motion for the Clerk to "Reread Appeal Documents" (#207).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Permission to Appeal In Forma Pauperis (#201) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (#203) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Clerk to "Reread Appeal Documents" (#207) is GRANTED. The Clerk shall (1) vacate the judgment against Accessible Space (#133), (2) amend the judgment against HUD (#199) to reflect the dismissal of Plaintiff's claims against all of the defendants, and (3) correct the date of civil case termination to June 2, 2010.

IT IS SO ORDERED.

DATED this 11th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3